1 **CUNEO GILBERT & LADUCA, LLP**
Charles J. LaDuca
2 Michael J. Flannery, CA Bar #196266
7733 Forsyth Boulevard, Suite 1675
3 St. Louis, MO  63105
Telephone: 314.226.1015
4 Facsimile:  202.789.1813
mflannery@cuneolaw.com

6 *Attorneys for Plaintiff and the Putative Class*

7 (Additional counsel listed on signature page)

8 **UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

10 EBRAHIM E. MAHDA,

11      Plaintiff,

No. ____8:16-cv-00940_____

12 v.

**CLASS ACTION COMPLAINT**

13 TRANSPORTATION CORRIDOR
AGENCIES d/b/a THE TOLL ROADS,

**JURY DEMAND**

14

15      Defendant.

Comes now Plaintiff Ebrahim E. Mahda, on behalf of himself and all others similarly situated, and for his Class Action Complaint ("Complaint"), states as follows:

## I. INTRODUCTION

1. Defendant The Transportation Corridor Agencies ("TCA") d/b/a The Toll Roads are comprised of State Routes 73, 133, 241 and 261, which make up 20 percent of Orange County's highway system. The Toll Roads were the first public highways to be constructed in Orange County since 1987. Although TCA built The Toll Roads and operates the toll collection system, Caltrans owns the roads and maintains them as part of the state highway system and the California Highway Patrol is responsible for law enforcement. Toll revenue can only be used to pay for construction and toll collection; therefore the state can lift the tolls once the construction bonds are paid

2. Plaintiff alleges that these toll roads are operated in a manner that misleads the public, in violation of California law. In particular, the roads themselves are poorly marked, and unsuspecting consumers are subject to improper and unlawful fines because their cars are not equipped with an electronic toll paying transponder known as FasTrak.

3. If a driver finds himself or herself on one these roads without a FasTrak electronic toll paying transponder, Defendant imposes a fine on the driver, by mailing a Notice of Toll Evasion to the unsuspecting consumer, like Plaintiff herein.

4. In violation of California law, Defendant has improperly and unfairly collected thousands of dollars in fines against thousands of individual drivers, including Plaintiff and members of the Class.

5. Defendant TCA has also engaged in unfair business practices with regard to the manner in which they administered these penalties for toll evasion violations on the Toll Roads.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2)(A) because the Plaintiff and Defendant are of diverse citizenship and the matter in controversy exceeds seventy-five thousand dollars ($75,000.00) exclusive of interest and costs and pursuant to 28 U.S.C. § 1332(d)(2), because the Plaintiff and over two-thirds of the Class Members are of diverse citizenship from the Defendant; and the aggregate amount in controversy exceeds five million dollars ($5,000,000.00) exclusive of interest and costs.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here, a substantial part of the property that is the subject of this action is situated here, and Defendant is subject to personal jurisdiction, in this District.

8. As a result of Defendant's improper operation of the The Toll Roads in Orange County, Defendant obtained the benefits of the laws of California.

9. Defendant conducted systematic and continuous business activities in the state of California and otherwise intentionally availed itself of the markets of the state of California through the promotion and marketing of its business.

## III. PARTIES

### A. Plaintiff

10. Plaintiff Ebrahim H. Mahdi is a California resident who, during the Class Period, traveled on Route 73 and was sent a toll evasion notice on December 10, 2015, as a result of the misconduct described in this Complaint.

### B. Defendant

11. Defendant TCS d/b/a The Toll Roads is a California corporation with its principal place of business in Irvine, California. During the Class Period, Defendant TCA

2

imposed fines improperly on thousands of consumers who found themselves traveling on one of The Toll Roads without a FasTrak electronic toll paying transponder.

**IV.  CLASS ACTION ALLEGATIONS**

12. Plaintiff brings this action on behalf of himself individually and as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2) and (b)(3), seeking equitable and injunctive relief on behalf of the following defined class:

> All persons who paid a fine to Defendant TCA d/b/a The Toll Road in response to a toll evasion notice during the Class Period.

13. Excluded from the Class are the Defendant, its parent companies, subsidiaries and affiliates, any co-conspirators, California state governmental entities and instrumentalities of the state government, their subdivisions, agencies and instrumentalities, any judicial officer presiding over this matter and his or her staff.

14. Plaintiff believes the approximate size of the Class to be extremely numerous and so geographically dispersed that joinder of all class members is impracticable.

15. Plaintiff's claims are typical of the claims of the Class and arise from the same unlawful conduct engaged in by Defendant. The relief sought by the Plaintiff is common to the Class.

16. Numerous questions of fact or law arise from Defendant's conduct that are common to the Class, including but not limited to:

(a) Whether Defendant operated The Toll Roads in a manner that unfair, unlawful and deceptive, as alleged in this Complaint;

(b) Whether Defendant was unjustly enriched by the improper imposition of toll evasion penalties on drivers who drove on The Toll Roads without a FasTrak electronic toll paying transponder;

3

   (c)  Whether Plaintiff and Class was injured by Defendant's conduct and, if so, the appropriate class-wide measure of damages for Class members; and

   (d)  Whether Plaintiff and the Class are entitled to injunctive relief.

17. The questions of fact or law common to the Class are overarching and predominate as a threshold matter over any individual questions affecting members of the Class.

18. Plaintiff will fairly and adequately represent the interests of the Class and has no interests that conflict with or are antagonistic to the Class. Plaintiff has retained counsel who are competent and experienced in antitrust law, class actions, and complex litigation.

19. Defendant has acted in ways that cause similar injury to the Class as a whole, thereby making final injunctive relief appropriate with respect to the Class.

20. A class action is procedurally superior to any alternatives for adjudicating the claims of Plaintiff and members of the Class. The claims of the members of the Class can be consolidated into one lawsuit to decide the predominating issue of liability. Permitting this lawsuit to proceed utilizing the class mechanism will eliminate multiple lawsuits over the same common issues of fact and liability and the risk of inconsistent decisions establishing varying standards of conduct for Defendant. Maintenance of the lawsuit as a class action will promote judicial economy, efficiency, and fairness to all parties involved.

## V. FACTUAL ALLEGATIONS

21. Defendant operates The Toll Roads in Orange County, collecting thousands of dollars in tolls as a result of "toll evasion" infractions, which are imposed on drivers who find themselves on these Toll Roads unwittingly, without a FasTrack electronic payment transponder. Notices of Toll Evasion are mailed to the drivers within five days of Defendant's system detecting that the driver has driven on one of The Toll Roads without a FasTrack.

1  22. Failure to pay the "toll evasion" fine in a timely fashion results in substantial
2 penalties over and above the original toll amount. The penalties are imposed if the tolls are not
3 paid within 30 days.

4  23. Defendants operate the Toll Roads in a way that constitutes an unfair business
5 practice. For example, there is virtually no signage visible to drivers that clearly indicates that
6 the driver is about to enter a stretch of road that will require an electronic toll paying
7 transponder (*i.e.,* a FasTrak device). Drivers have a reasonable expectation that there will be a
8 cash or credit card payment option absent sufficient warning to the contrary. Defendants'
9 operate the Toll Roads in a manner that misleads and deceives drivers, unfairly leading them to
10 incur toll charges and penalties.

11  24. FasTrak® is an electronic tolling account that allows drivers to pay tolls
12 automatically from a pre-established account that can be prepaid and replenished using credit
13 card, cash or check.

14  25. FasTrak drivers must have a transponder mounted to their vehicle's windshield
15 in order to pay the lowest tolls on The Toll Roads - $1 less than tolls paid by ExpressAccount
16 and One-Time-Toll drivers at every tolling point.

17  26. Plaintiff Mahda operated his vehicle on Route 73 on Catalina View South Lane
18 13 on November 26, and later operated his vehicle on Route 73 on Catalina View North Lane
19 13 on November 28. Plaintiff Mahda's vehicle was not equipped with a FasTrak electronic toll
20 paying transponder.

21  27. Plaintiff subsequently received a Notice of Toll Evasion in the mail, with an
22 issue date of December 10, 2015. The Notice of Toll evasion imposed a fine of $6 for each
23 violation, with penalties of $57.50 imposed if the fine was not paid by January 9, 2016.

24

5

28. Plaintiff paid the Notice of Toll Evasion (and associated fine) of $232 on May 12, 2016.

**VI. CLAIMS FOR RELIEF**

**FIRST CAUSE OF ACTION**
**(Violation of Business and Professions Code Section 17200, et seq.)**

29. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

30. Defendant TCA has committed and continues to commit and engage in "unlawful, unfair or fraudulent business acts or practices" as defined in Business & Professions Code Sections 17200, et. seq., in connection with its administration of toll road penalties on the TCA Operated Toll Roads.

31. As a result of Defendant TCA's unfair business practices, Defendant has reaped unfair benefits and illegal profits at the expense of Plaintiff, the Class and members of the public. Defendant TCA should be made to disgorge its ill-gotten gains and restore such monies to Plaintiff and the Class.

32. Defendant TCA's unfair business practices entitle Plaintiff and the Class to obtain preliminary and permanent injunctive relief, including but not limited to, orders that Defendant account for, disgorge and restore to Plaintiff and the Class the compensation unlawfully obtained from them.

**SECOND CAUSE OF ACTION**

**(Negligent Misrepresentation/Omission)**

33. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

34. Defendant owed a duty to Plaintiff and Class members to exercise reasonable care in making representations and disclosures about the payment of tolls while driving on certain roads within Orange County's highway system.

6

35. Defendant knew, or should have known by the exercise of reasonable care, that drivers would be mislead by failures to properly disclose the need for electronic payment of tolls on these roads, and the unavailability of a driver to pay tolls by any other method, including to failure to properly warn drivers with appropriate signage on the applicable highways.

36. Plaintiff and the Class members believe and relied upon the failure to properly advise and warn drivers that toll payments would be exclusively by electronic transponder on the applicable highways.

37. As a direct and proximate result of Defendant's negligent and/or reckless conduct, Plaintiff and the Class have been damaged in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### (Unjust Enrichment)

38. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

39. As a result of Defendant's deceptive and misleading conduct in operating the toll roads at issue, as described above, Defendant was enriched, at the expense of Plaintiff and all those similarly situated, through the payment of toll evasion fines.

40. Under the circumstances, it would be against equity and good conscience to permit Defendant to retain the ill-gotten benefits that it received from Plaintiff and those similarly situated, in light of the fact that the toll roads at issue were operated in a deceptive and misleading fashion, in that drivers were not warned appropriately that electronic payment of tolls would be the exclusive method of payment of tolls when driving on the affected Orange County highways. Thus, it would be unjust or inequitable for Defendant to retain the

benefit without restitution to the Plaintiff, and those similarly situated, for monies paid to Defendant for toll evasion fines.

## FOURTH CAUSE OF ACTION

### (Injunctive Relief)

41. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

42. Defendant's improper and unlawful operation of The Toll Roads, as alleged herein, is an ongoing and continuous enterprise that is causing damage to thousands of consumers.

43. The conduct of Defendant TCA is causing and will continue to cause immediate injury to Plaintiff and the Class unless restrained by this Court, and Plaintiff has no adequate remedy at law.

44. Plaintiff is further entitled to recover his reasonable costs and attorney fees incurred in bringing this action pursuant to California Code of Civil Procedure § 1021.5.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class, respectfully prays for:

A. An Order certifying the Class, directing that reasonable notice be provided to each and every member of the Class, and appointing counsel of record for Plaintiff as counsel for the Class;

B. Declaratory and injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful conduct described herein, and directing Defendant to identify, with Court supervision, victims of the misconduct and pay them restitution and disgorgement of all ill-gotten profits and unjust enrichment Defendant acquired

by means of any business practice declared by this Court to be unlawful, unfair and/or fraudulent;

    C.    An Order for Defendant to engage in a corrective advertising campaign;

    D.    Actual damages, in an amount to be determined by this Court but at least $5,000,000;

    E.    Restitution, disgorgement and/or constructive trust on all of the inequitable payments and profits Defendant retained from Plaintiff and the Class, in an amount to be determined by this Court but at least $5,000,000;

    F.    Attorneys' fees;

    G.    Expenses and costs of this action;

    H.    Pre-judgment and post-judgment interest; and

    I.    Such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, of all issues so triable.

Dated: May 23, 2016                    Respectfully submitted,

/s/Michael J. Flannery
CUNEO GILBERT & LADUCA, LLP
Charles J. LaDuca
Michael J. Flannery, CA Bar No. 196266
7733 Forsyth Boulevard, Suite 1675
St. Louis, MO 63105
Telephone: 314.226.1015
mflannery@cuneolaw.com

Aaron Dolgin, CA Bar No. 101652
19831 Redwing Street
Woodland Hills, CA 91364
Telephone: (818) 515-0573
Dolgin1@juno.com

| | |
|---|---|
| 1 | |
| 2 | Michael McShane CA Bar No. 127944<br>S. Clinton Woods CA Bar No. 246054 |
| 3 | AUDET & PARTNERS, LLP<br>711 Van Ness Avenue |
| 4 | Suite 500<br>San Francisco, CA  94102 |
| 5 | Telephone:  415.568.2555<br>mmcshane@audetlaw.com |
| 6 | cwoods@audetlaw.com |
| 7 | ***Attorneys for Plaintiff and the Class*** |

10